IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| James C. Woody, | ) |
| | ) Case No. 10 C 50017 |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| State of Illinois, et al. | ) |
| | ) Judge Philip G. Reinhard |
| Defendants. | ) |
| | ) |

**ORDER**

     For the reasons stated below, defendant Nedra Chandler's motion to dismiss [62] is granted. She is dismissed as a defendant in Counts I and II. The State of Illinois and the Illinois Department of Corrections are also dismissed as defendants in Counts I and II. The court finds the allegations with respect to the remaining defendant, Jill M. Wahl, insufficient to establish personal involvement under either Count, and thus, dismisses defendant Wahl from Counts I and II. In light of this ruling, plaintiff's complaint is dismissed without prejudice. The court grants plaintiff 30 days from the entry of this order to file an amended complaint. If plaintiff fails to file an amended complaint, the court will presume he does not wish to pursue his claims and dismissal will be final.

**STATEMENT-OPINION**

     Plaintiff James C. Woody, an inmate at Dixon Correctional Center, filed a two-count complaint against the State of Illinois, the Illinois Department of Corrections, Nedra Chandler, (the Warden of the Dixon Correctional Center) sued in her official capacity, and Jill M. Wahl, (the Medical Director at Dixon Correctional Center) (collectively "defendants"). Count I of the amended complaint is a deliberate indifference claim under the Eighth Amendment. Count II is a state law claim which alleges defendants are liable because their actions were willful and reckless.

     The basis for both claims is defendants' failure to provide Woody a "bottom bunk permit." Amend. Compl. ¶ 12. Woody claims he is entitled to such a permit because he suffers from a seizure disorder that periodically causes him to lose consciousness and physical control. He explains that he suffered from the disorder before he entered the Dixon Correctional Center and claims that while he was an inmate at the Madison County Jail in 2008 he received a bottom bunk permit because of the seizure disorder.

Allegedly, when Woody entered the Dixon Correctional Center, he informed the Illinois Department of Corrections and the appropriate personnel at the Dixon Correctional Center of his condition and requested a "bottom bunk permit." *Id.* Despite this request, Woody was assigned to an upper bunk.

Sometime later, Woody had a seizure while he was on his bunk  The seizure caused him to lose consciousness and fall from the upper bunk onto a "stationary steel or wooden object" in his cell. *Id.* As a result, Woody suffered head injuries, memory loss, and permanent scarring.

Woody contends that defendants' failure to provide him a bottom bunk permit was the proximate cause for his injuries. He claims their failure to provide him this accommodation amounts to a deliberate indifference claim under the Eighth Amendment. Woody also alleges defendants' actions were reckless and willful. In his amended complaint, he seeks over $1,000,000.00 in damages.

On June 14, 2013, defendant Nedra Chandler filed a motion to dismiss both Counts against her pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). In the motion, she argues that Woody's claims against her fail because the complaint is void of any allegations which suggest that she was personally involved in the alleged constitutional deprivations. She also contends that the claims are barred by the doctrine of sovereign immunity.

On May 28, 2013, the court instructed Woody to respond to Chandler's motion by June 14, 2013. [61]. However, June 14th came and went without a response or a motion requesting additional time. Because of this, on July 23, 2013, the court struck the previous briefing schedule and granted Woody until August 5, 2013 to file a response. [65]. Woody again failed to file a response or otherwise communicate with the court. To date, neither he nor his counsel have communicated with the court at all.

Prior to turning to the merits of Chandler's motion, the court will briefly address the consequences of Woody's failure to respond.

"A plaintiff's failure to respond that delays the litigation can be a basis for dismissal for lack of prosecution." *Bolt v. Loy et al.*, 227 F.3d 854, 856 (7th Cir. 2000). However, prior to dismissal, the court should "warn the plaintiff that [it] is considering the imposition of such a sanction, either explicitly or by making [it] clear that no further extensions of time will be granted." *Id.*

The court did so here. On July 23, 2013, Magistrate Judge Iain D. Johnston noted that plaintiff missed his initial deadline to file a response and graciously allowed him an additional month to respond. [65]. In the Order, Judge Johnston instructed Woody to notify the court if he did not intend to file a response and explicitly stated that "[n]o further extensions" would be granted. *Id.*

2

Pursuant to *Bolt*, this should have put Woody on notice that failing to respond or otherwise communicate with the court could result in dismissal. *Bolt*, 227 F.3d at 856. Indeed, other courts in this Circuit have found that a failure to respond to a motion to dismiss amounts to a forfeiture of claims. *See Lekas v. Briley*, 405 F.3d 602, 614-15 (7th Cir. 2005); *see also Dillard v. Chicago State Univ.*, No. 11-C-3362, 2012 WL 714727 at *2 (N.D. Ill. Mar. 1, 2012) (Darrah, J.). Accordingly, the court could, in its discretion, dismiss Woody's claims without analyzing the merits of Chandler's motion. *See County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006) ("[w]hen presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action."). However, for the sake of completeness, the court will proceed to the motion's merits.

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). At the dismissal stage, the court accepts all factual allegations as true and construes them in the light most favorable to the plaintiff. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires plaintiffs to provide a "short and plain statement" of their claims to show that they are entitled to relief. Fed. Civ. P. 8(a)(2). This statement must provide the "defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Seventh Circuit has explained that Rule 8 "reflects a liberal notice pleading regime" (*Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009)), a plaintiff must provide more than "labels and conclusions" or a formulaic recitation of elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555.

With respect to Count I, Chandler contends that Woody's allegations are deficient. She argues that the claim against her fails because Woody does not allege that she was personally involved in any of the alleged constitutional deprivations.

The Seventh Circuit has repeatedly held that "[a]n *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012) (emphasis in original). While Woody alleges that Chandler was aware of his medical condition, he fails to provide any other allegations which allow the court to infer that she "caused or participated" in the denial of Woody's bottom bunk permit request. *Id.* Indeed, Chandler's role as Warden of Dixon Correctional Center makes it unlikely such an inference could be drawn. *See Gevas v. Mitchell*, 492 Fed. Appx. 654, 660 (7th Cir. 2012). In *Gevas*, a prisoner filed a deliberate indifference claim against a number of defendants, including the prison warden. *Id.* On appeal, the Seventh Circuit affirmed the district court's dismissal of the warden, determining that the plaintiff failed to allege the requisite personal involvement. *Id.; cf. Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (warden is proper defendant without personal involvement if the plaintiff seeks injunctive relief). Because Woody seeks only monetary relief from all defendants, the court finds dismissal of Chandler appropriate with respect to Count I. *See* Amend. Comp. at 5-6.

The lack of allegations surrounding Chandler's personal involvement also cause the state law claim against her to fail. In the amended complaint, Woody states that all defendants are liable because their actions were reckless and willful. Amend. Comp. at 5. However, the complaint does not allege that Chandler even knew Woody was denied a bottom bunk request, let alone provide enough factual detail to allow the court to infer that her actions were reckless or willful. As such, the court finds dismissal appropriate under Count II.

To top it off, Woody's claims against Chandler are barred by the doctrine of sovereign immunity. *See Sossaman v. Texas*, 131 S. Ct. 1651, 1663 (2011) (sovereign immunity shields state officials from monetary damages when they are sued in their official capacity). Woody alleges Chandler is liable in her official capacity as Warden. *See* Amend. Compl. ¶ 3. The only relief he seeks is money damages. *Id.* at 5-6. It is well established that sovereign immunity bars such claims. *See id.*; *see also Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012). Accordingly, the court finds dismissal appropriate on this basis as well.

The State of Illinois and the Illinois Department of Corrections are also not proper defendants. This is because neither is a "person" within the meaning of § 1983. *See Illinois Dunesland Preservation Society v. Illinois Dept. of Natural Resources*, 584 F.3d 719, 721 (7th Cir. 2009); *see also Omosegbon v. Wells*, 335 F.3d 668, 672-73 (7th Cir. 2003) (Eleventh Amendment prohibits money damages claims against the state and its agencies). As such, the State of Illinois and the Illinois Department of Corrections are dismissed from Count I.

The Illinois State Lawsuit Immunity Act, ("ISLIA"), 745 ILCS 5/0.01 *et seq.* cause Woody's state law claim against the State of Illinois and the Illinois Department of Corrections to fail. ISLIA provides that the State of Illinois "shall not be made a defendant or party in any court" except as provided in either the Illinois Public Labor Relations Act, 5 ILCS 315/1 *et seq.*, or the Illinois Court of Claims Act, 705 ILS 505/1 *et seq.* 745 ILCS 5/1. The Illinois Court of Claims Act gives exclusive jurisdiction in the Court of Claims for all actions "against the State founded upon any law of the State." 705 ILCS 505/8(a). It is well established that state sovereign immunity rules apply to state-law causes of action brought in federal court and apply to a State's department and agencies. *Omosegbon*, 335 F.3d at 673; *Meyer v. Dep't of Pub. Aid*, 912 N.E.2d 690, 693 (Ill. App. Ct. 2009) ("[s]overeign immunity of the State extends to suits against a State agency or department"). Because of this, the court dismisses the State of Illinois and the Illinois Department of Corrections from Count II.

With respect to the remaining defendant, Jill M. Wahl, the court *sua sponte*[1] finds Woody's allegations insufficient to establish personal involvement under Count I. *See Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) ("to be liable under § 1983, an individual defendant must have caused or participated in the constitutional deprivation."). Woody's only allegations regarding Wahl are that she was "fully aware of Woody's serious medical condition

---

[1] This case is now three years old and is still in the pleading stage. Thus, the court considers this issue *sua sponte* to expedite the case.

and the fact that previous persons had recognized the conditions and allowed reasonably [*sic*] accommodations for it." Amend. Comp. ¶ 14. Woody fails to allege whether Wahl knew or participated in the decision to deny his bottom bunk request and thus, the court finds this insufficient to establish personal involvement under Section 1983. *See Parker v. Dart*, No. 13-C-5705, 2013 WL 4506958 at *2 (N.D. Ill. Aug. 22, 2013) (dismissing a defendant from a prisoner's Section 1983 complaint because the plaintiff "failed to state any facts suggesting that [the defendant] was personally involved in—or even aware of—the alleged circumstances giving rise to the complaint.").

The same is true regarding plaintiff's allegations in Count II. To establish willful and wanton conduct, Illinois law requires that a plaintiff allege that the defendant acted with a "conscious disregard for [the plaintiff's] own safety . . . [.]" *Pfister v. Shusta*, 657 N.E.2d 1013, 1016 (Ill. 1995). Woody fails to allege whether Wahl was even aware he was denied a bottom bunk permit let alone that she acted with a "conscious disregard" in denying his request. *Id.* Therefore, his state law claim against Wahl, as currently plead, fails.

For the foregoing reasons, the court grants defendant Nedra Chandler's motion to dismiss. She is dismissed as a defendant from Counts I and II. The State of Illinois and the Illinois Department of Corrections are also dismissed from Counts I and II. The court finds the allegations with respect to the remaining defendant, Jill M. Wahl, insufficient under either Count, and thus, dismisses without prejudice defendant Wahl from Counts I and II. The court grants plaintiff 30 days from the entry of this Order to file an amended complaint which addresses the deficiencies the court has pointed to here. If plaintiff fails to file an amended complaint, the court will presume he does not wish to pursue his claims and dismissal will be final and with prejudice as to the entire case.

ENTERED:

Date: 9/10/2013

_____
United States District Court Judge

Notices mailed by Judicial Staff.
(LC)